IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES SMITH, JR.**                                                                                       **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:21-cv-553-TSL-MTP**

**NURSE CONESHA MICHAEL, ET AL.**                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [19] filed by Defendants Conesha Michael and Kezia Miller. Having considered the parties submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [19] be granted and Plaintiff's claims against Defendants Michael and Miller be dismissed without prejudice.

### BACKGROUND

On August 18, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that Nurse Michael and Nurse Miller deprived him of his medications for cancer and high blood pressure. Plaintiff also alleges that Officers Robinson and Green allowed Michael and Miller to deprive him of his medications.

On December 17, 2021, Defendants Michael and Miller filed a Motion to Dismiss [19], arguing that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. Plaintiff filed a Response [21] on January 18, 2022. Movants did not file a reply, and the time for doing so has expired.

---

[1] Plaintiff's Complaint was stamped filed in this Court on August 26, 2021. However, Plaintiff signed the Complaint on August 17, 2021, and it was stamped as approved legal mail at the correctional facility on August 18, 2021. "Under the 'mailbox rule,' a pro se § 1983 complaint is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court." *Smith v. McMillin*, 2009 WL 692108, at *1 n.1 (S.D. Miss. Jan. 30, 2009) (citing *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Dismissal may be appropriate, however, where the complaint on its face establishes the inmate's failure to exhaust." *Hicks v. Parker*, 349 Fed. Appx. 869, 871 (5th Cir. 2009) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to

any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In his Complaint, Plaintiff states that he filed a grievance, but admits that the grievance was "still pending" at the time he filed suit. *See* [1] at 8. Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff admits he "did not even wait to receive a response to his grievance—much less exhaust the grievance process—before he filed suit." *See* [20] at 3.

Plaintiff filed a Response [21] and submitted a letter dated August 26, 2021, stating that Plaintiff's grievance had been rejected because the ARP "cannot accept requests for staff to be disciplined, dictation on how staff may conduct themselves, any type of compensation, or lawsuit request . . . ." *See* [21-1] at 2.[3] According to Plaintiff, this letter demonstrates that he attempted to exhaust and, thus, his Complaint should not be dismissed.

"Rule 12(b) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6)

---

[2] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited March 29, 2022).

[3] Plaintiff was aware that his grievance might be rejected. He noted in his Complaint that grievances requesting discipline of staff and monetary awards were usually rejected.

motion" *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (citation and quotation omitted). A court may consider such materials if it converts a motion to dismiss to a motion for summary judgment. To make this determination, a court should consider "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Id*. The Court need not consider the letter submitted by Plaintiff because, as discussed below, it does not facilitate the disposition of this action.

"Exhaustion is no longer left to the discretion of the district court, but it is mandatory." *Woodford*, 548 U.S. at 88. Plaintiff filed the instant action prior to completion of the ARP process for the grievance concerning the events at issue in this action. The grievance process must be completed *prior* to filing suit in federal court. The Fifth Circuit has stated as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Plaintiff's allegations in his Complaint establish that he failed to exhaust his administrative remedies prior to filing this action, and he may not proceed with his claims against Defendants Michael and Miller. *See Denby v. Collier*, 2021 WL 4618380, at *4-5 (E.D. Tex. Aug. 27, 2021) ("Because [prisoner's] failure to exhaust his required administrative remedies is plainly evident on the face of his complaint, his complaint may be dismissed for the

4

failure to state a claim predicated on the failure to exhaust."). Accordingly, Plaintiff's claims against Defendants Michael and Miller should be dismissed for failure to exhaust his available administrative remedies.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. The Motion to Dismiss [19] be GRANTED;

2. Plaintiff's claims against Defendants Conesha Michael and Kezia Miller be DISMISSED without prejudice; and

3. This action continue as to Plaintiff's claims against Defendants Robinson and Green.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 6th day of April, 2022.

s/ Michael T. Parker  
United States Magistrate Judge